**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**KYLE ENDEMANN,**

                **Plaintiff,**

**v.**                                          **5:18-cv-00701**

**LIBERTY INSURANCE CORP.,**

                **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

**I.    INTRODUCTION**

Plaintiff Kyle Endemann commenced this action seeking to recover damages based upon Defendant Liberty Insurance Corporation's ("Liberty" or "Defendant") alleged failure to pay Plaintiff's property insurance claim under his homeowners insurance policy. The Court previously granted in part Defendant's Rule12(b)(6) motion directed to Plaintiff's Amended Complaint. *See* Dkt. No. 21. The Court presumes familiarity with this decision. Defendant now brings a Rule12(b)(6) motion directed to Plaintiff's Second Amended Complaint. *See* Dkt. No. 40. Plaintiff opposes the motion and brings a cross-motion asking the Court to reconsider its decisions dismissing the breach of contract claim contained in the Amended Complaint. *See* Dkt. No. 46. Defendant opposes the cross-motion. *See* Dkt. No. 49.

**II.    BACKGROUND**

The Amended Complaint alleged four causes of action: 1. Declaratory Judgment;

2. Breach of Contract; 3. Breach of the Covenant of Good Faith and Fair Dealing; and 4. Violation of New York General Business Law § 349 ("GBL § 349"). Plaintiff sought extra-contractual damages, including punitive and consequential damages, and an award of attorneys' fees.

The Court dismissed the breach of contract claim on the grounds that it was barred by the applicable 2-year contractual suit limitations. In doing so, the Court rejected Plaintiff's arguments for the application of waiver and estoppel to the suit-limitations defense. The Court dismissed the declaratory judgment claim as duplicative of the breach of contract claim and, therefore, barred by the applicable suit limitations. The Court also dismissed the claim for punitive damages.

The Court did not address the suit-limitations defense to the remaining claims because the parties did not present argument related thereto. The Court did find, however, that the Amended Complaint presented substantively plausible claims alleging the breach of the covenant of good faith and fair dealing, and a violation of GBL § 349.[1] The Court also found that Plaintiff might be entitled to consequential damages if he prevails on his good faith and fair dealing claim, and might be entitled to attorneys' fees if he prevails on this claim and/or the GBL § 349 claim.

By stipulation, the parties agreed to Plaintiff's filing of a Second Amended

---

[1] As to the good faith and fair dealing claim, the Court allowed it to stand because it alleged different conduct than the breach of contract claim and because Plaintiff was potentially entitled to different relief than the breach of contract claim if he prevailed. As to the GBL § 349 claim, the Court found that Plaintiff's allegations, accepted as true, plausibly indicated that Defendant entered into contractual relationships with customers nationwide and engaged in practices similar to that alleged here, thereby harming the public and satisfying the "consumer-oriented conduct" requirement of a GBL § 349 claim.

Complaint.² The Second Amended Complaint is substantively identical to the Amended Complaint, with Plaintiff adding a demand for a jury trial.

## III. DISCUSSION

### a. Good Faith and Fair Dealing Claim

#### 1. 2-Year Contractual Suit Limitations

Defendant argues that the good faith and fair dealing claim must be dismissed as having been brought beyond the 2-year contractual suit limitations. Defendant contends that this claim has the same time limitation as the breach of contract claim, and therefore must be dismissed for the reasons articulated by the Court in its previous decision addressed the breach of contract claim. This argument implicates Plaintiff's basis for reconsideration. The Court interprets Plaintiff's argument as asserting, *inter alia*, that within the limitations period Defendant began a course of conduct that lulled Plaintiff to sitting on his rights and refraining from commencing a timely action.

"Defendant has the initial burden of establishing that the limitations period in the Policy expired prior to the commencement of the action." Dkt. No. 21 at 9 (citing *N. Am. Foreign Trading Corp. v. Mitsui Sumitomo Ins. USA, Inc.*, 477 F. Supp. 2d 576, 582 (S.D.N.Y. 2006)(citations omitted)). "'Once the defendant has met its burden, the plaintiff has the burden 'to aver evidentiary facts establishing that the case at hand falls within an exception to the limitations period,' such as waiver or estoppel.'" *Id.* (quoting *N. Am. Foreign Trading Corp.*, 477 F. Supp. 2d at 582, in turn quoting *Neary v. Nationwide Mut. Fire Ins.*

---

²The stipulation indicates that Plaintiff agreed that the claims dismissed by the Court in the March 25, 2019 Decision & Order were included in the Second Amended Complaint to preserve Plaintiff's right to appeal that decision.

*Co.*, 791 N.Y.S.2d 840, 840 (N.Y. App. Div. 2005)). "Under the principles of estoppel, an insurer, though in fact not obligated to provide coverage, may be precluded from denying coverage upon proof that the insurer 'by its conduct, otherwise lulled [the insured] into sleeping on its rights under the insurance contract.'" *Provencal, LLC v. Tower Ins. Co. of New York*, 138 A.D.3d 732, 734 (N.Y. App. Div. 2016)(quoting *Gilbert Frank Corp. v Federal Ins. Co.*, 70 N.Y. 2d 966, 968 (N.Y. 1988)). New York courts recognize that equitable estoppel, and waiver and estoppel, raise fact-specific issues that are generally determined following the dismissal stage. *See Fundamental Portfolio Advisors, Inc. v. Tocqueville Asset Mgmt., L.P.*, 7 N.Y.3d 96, 99, 850 N.E.2d 653 (N.Y. 2006) ("Because there are questions of fact that must be resolved before application of waiver and estoppel may be determined, we conclude that defendants are not entitled to summary judgment.")*; Armstrong v. United Frontier Mut. Ins. Co.*, 181 A.D.3d 1332, 1335–36, 121 N.Y.S.3d 488, 493 (N.Y. App. Div. 2020)("We agree with plaintiff that, regardless of whether she submitted the proof of loss form, as she contends, there are triable issues of fact whether defendant waived or is estopped from asserting the policy provision requiring the submission of a proof of loss as a basis for denying plaintiff's claim. As a preliminary matter, we reject defendant's contention that plaintiff failed to plead facts supporting her waiver and estoppel contentions.")(citation omitted); *Cianciullo-Birch v. Champlain Ctr. N. LLC*, 50 Misc. 3d 1220(A), 36 N.Y.S.3d 46 (N.Y. Sup. Ct. 2016)("Whether estoppel applies in a particular case is ordinarily—as it is here—a question of fact for trial."); *Zappie v. Perry*, 58 Misc. 3d 1219(A), 93 N.Y.S.3d 628 (N.Y. Sup. Ct. 2016)("This Court recognized that the question of whether a defendant should be equitably estopped is generally a question of fact that requires a hearing . . . ."),

*aff'd*, 158 A.D.3d 1063, 67 N.Y.S.3d 885 (N.Y. App. Div. 2018); *see, e.g., MP v. Davidsohn*, 169 A.D.3d 788, 791, 93 N.Y.S.3d 683, 686 (N.Y. App. Div. 2019)("Finally, contrary to the plaintiffs' contention, the doctrine of equitable estoppel was unavailable to toll the statute of limitations, since in response to the defendant's prima facie showing that the time within which to sue had expired, the plaintiffs failed to raise a question of fact as to whether any action or representation by the defendant induced them to forego the timely commencement of an action to enforce their rights.")(citations omitted).

     As the Court previously stated, New York law provides that the conduct that purportedly mislead or lulled a plaintiff into failing to bring a timely action must have occurred within the limitations period. Dkt. No. 21 at 16 (citing *N. Am. Foreign Trading Corp.,* 477 F. Supp. 2d at 582 (citation omitted)). This makes sense from an equitable standpoint because it would be unreasonable to find that conduct occurring wholly after the limitation period ended could have induced a plaintiff to sleep on his or her rights in commencing a timely suit. *See Gilbert Frank Corp.,* 70 N.Y.2d at 968 ("Indeed, since the conduct complained of occurred subsequent to expiration of the limitations period, plaintiff could not have relied on that conduct in failing to timely commence its action."). However, New York courts have also recognized that a defendant's course of conduct can warrant the application of estoppel to a limitations defense. *See Plon Realty Corp. v. Travelers Ins. Co.*, 533 F. Supp. 2d 391, 395 (S.D.N.Y. 2008)("Only if a carrier engages in a course of conduct which lulls the policy holder into inactivity in the belief that its claim will be paid, or where the insured is induced by fraud or misrepresentation to refrain from commencing a timely action, will the carrier be estopped from asserting the statute of limitations

defense.")(citations omitted); *see, e.g., Maniello v. State Farm Fire & Cas. Co.*, No. 16-CV-1598 (NG)(LB), 2017 WL 496069, at *3 (E.D.N.Y. Feb. 6, 2017) ("Equitable estoppel is appropriate in the insurance context if 'a carrier engages in a course of conduct which lulls the policy holder into inactivity in the belief that its claim will be paid, or where the insured is induced by fraud or misrepresentation to refrain from commencing a timely action.'")(quoting *Plon Realty Corp.*, 533 F. Supp.2d at 395). It stands to reason, and makes sense from an equitable perspective, that this course of conduct could be such that it commenced within the limitations period and continued thereafter, effectively lulling a plaintiff into inaction during the limitations period. *See, e.g., Zumpano v. Quinn*, 6 N.Y.3d 666, 674 (N.Y. 2006)("[T]his Court has held that equitable estoppel will apply where plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action. Moreover, the plaintiff must demonstrate reasonable reliance on the defendant's misrepresentations. . . .  It is . . . fundamental to the application of equitable estoppel for plaintiffs to establish that subsequent and specific actions by defendants somehow kept them from timely bringing suit.")(interior quotation marks and citations omitted).

While Plaintiff has pled facts that appear to be addressed to equitable estoppel of the suit-limitations defense, he has also presented some evidence not contained in the pleadings that arguably indicates that Defendant engaged in a course of conduct started within the limitations period that lulled Plaintiff into believing that his property damage claim was open and pending until Defendant sent its disclaimer letters. *See* Dkt. 46-3 at pp 8-10.[3]

---

[3] Defendant argues that these communications were related to the subrogation claim against Plaintiff's neighbor and were not related to his coverage under the policy. That issue can be resolved on a subsequent summary judgment motion or at trial.

6

Because the question of whether estoppel applies is a factual one that generally cannot be determined on the pleadings, the Court will deny Defendant's motion to dismiss the good faith and fair dealing claim on the basis of the suit-limitations defense and allow the parties to engaged in discovery. Defendant can renew its suit-limitations defense on summary judgment or at trial.

### 2. Duplication of the Breach of Contract Claim

Defendant argues that the good faith and fair dealing claim should be dismissed as merely a duplication of the breach of contract claim. The Court addressed this issue in its previous decision, and it stands by the conclusions reached there. *See* Dkt. No. 21 at 22-25. Defendant's motion to dismiss the good faith and fair dealing claim on this basis is denied.

### b. Motion for Reconsideration

### 1. Estoppel

Although Plaintiff's motion for reconsideration is untimely under Local Rule 7.1(g), and Fed. R. Civ. P. 60(b) does not apply because the previous order was not a final disposition of all matters in this case, *see Major v. Lamanna*, No. 9:18-CV-0418 (MAD/DEP), 2019 WL 2021280, at *3 (N.D.N.Y. May 8, 2019), the interests of justice and judicial economy require that the reconsideration motion to be granted as to estoppel. Failure to do so could result in inconsistent decisions in this case. Accordingly, Plaintiff's motion for reconsideration addressed to estoppel on the breach of contract claim is granted, and the breach of contract claim is reinstated. Defendant can renew its suit-limitations defense to this cause of action on summary judgment or at trial.

### 2. Waiver

To the extent that Plaintiff argues that the Court should reconsider its decision on whether Defendant waived the time-limitations defense by failing to specifically reference it in its disclaimer letters, the motion is denied for the reasons stated in the Court's previous decision at pages 18-21.

### c. GBL § 349 Claim

#### 1. Statue of Limitations

Defendant argues that the GBL §349 claim must be dismissed because it was brought beyond the applicable three-year Statute of Limitations. Plaintiff counters that application of equitable estoppel prohibits this conclusion at this stage. For the reasons discussed above, the Court agrees with Plaintiff. Defendant's motion on this ground is denied.

#### 2. Failure to State a Claim

Defendant argues that the GBL §349 claim must be dismissed because it is essentially a private contract dispute not recognized under GBL § 349. The Court addressed this issue in its previous decision, and it stands by the conclusions reached there. *See* Dkt. No. 21 at 25-27. Defendant's motion on this ground is denied.

### d. Consequential Damages and Attorneys' Fees

Defendant argues that Plaintiff is not entitled to consequential damages and attorneys' fees. The Court addressed these issues in its previous decision, and it stands by the conclusions reached there. *See* Dkt. No. 21 at 27-29. Defendant's motion on this ground is denied.

## IV. CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss (Dkt. No. 40) is **DENIED**. Plaintiff's motion for reconsideration (Dkt. No. 46) is **GRANTED in part and denied in part.** The motion is granted to the extent that the breach of contract claim is **REINSTATED**, and denied otherwise.

Dated: August 25, 2020

_____
Thomas J. McAvoy
Senior, U.S. District Judge